**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSE ANTONIO SUCILLA, | ) | No. CV 08-8558 CW |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    For reasons stated below, this action is dismissed without prejudice for failure to prosecute and to comply with court orders.

**BACKGROUND**

    On January 6, 2009, Plaintiff Jose Antonio Sucilla filed the instant action, with the assistance of counsel, seeking review of Defendant's denial of disability benefits.  On March 13, 2009, the parties consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  On July 13, 2009, Defendant filed an answer to the complaint and Plaintiff's administrative record.

1

On August 11, 2009, Plaintiff's counsel, Laura Krank, filed a motion to withdraw as attorney of record because, among other things, she had formed a view of the case contrary to Plaintiff's and believed that further pursuit of the action would subject her to sanctions. Ms. Krank further stated that Plaintiff did not consent to her withdrawal, retain alternate counsel, or authorize voluntary dismissal of the action.

On September 1, 2009, the court issued an order directing Plaintiff to file an opposition or notice of non-opposition to Ms. Krank's motion on or before October 1, 2009; the court stayed all future filing deadlines in the case pending resolution of the motion. Plaintiff did not respond to the order or otherwise communicate with the court.

On October 16, 2009, the court issued a second order granting Ms. Krank's motion to withdraw and substituting Plaintiff as attorney of record. The court directed Plaintiff to file a statement of his intent to proceed with the action, either through new retained counsel or pro se, on or before October 26, 2009. Plaintiff was advised that "failure to comply with this order will result in dismissal of this action without prejudice for failure to prosecute." Plaintiff did not respond to the order or otherwise communicate with the court.

## DISCUSSION

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

1   (dismissal for failure to comply with any court order).

2       In deciding whether to dismiss for failure to prosecute or to

3   comply with court orders a court should consider five factors: (1) the

4   public interest in expeditious resolution of litigation; (2) the

5   court's need to manage its docket; (3) the risk of prejudice to

6   defendants; (4) the public policy favoring disposition of cases on the

7   merits; and (5) the availability of less drastic sanctions.  See In re

8   Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute);

9   Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with

10  court orders).

11      In the present action, the first two factors -- public interest

12  in expeditious resolution of litigation and the court's need to manage

13  its docket -- weigh in favor of dismissal.  Plaintiff has not

14  prosecuted this action by responding to the court's orders despite

15  being warned of the consequences of such failure.  This hinders the

16  court's ability to move this case toward disposition and suggests that

17  Plaintiff does not intend to litigate this action diligently.

18      The third factor -- prejudice to defendants -- also weighs in

19  favor of dismissal.  A rebuttable presumption of prejudice to a

20  defendant arises when a plaintiff unreasonably delays prosecution of

21  an action.  Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a

22  presumption is unwarranted in this case.

23      The fourth factor -- public policy in favor of deciding cases on

24  the merits -- ordinarily weighs against dismissal.  However, it is a

25  plaintiff's responsibility to move towards disposition at a reasonable

26  pace and avoid dilatory and evasive tactics.  See Morris v. Morgan

27  Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not

28  discharged this responsibility, despite having been instructed on his

3

1   responsibilities, granted sufficient time in which to discharge them,

2   and warned of the consequences of failure to do so.  In these

3   circumstances, the policy favoring resolution of disputes on the

4   merits does not outweigh Plaintiff's failure to obey court orders or

5   to file responsive documents within the time granted.

6       The fifth factor -- availability of less drastic sanctions --

7   also weighs in favor of dismissal.  The court cannot move the case

8   toward disposition without Plaintiff's compliance with court orders or

9   participation in this litigation.  Plaintiff has shown that he is

10  either unwilling or unable to comply with court orders by filing

11  responsive documents or otherwise cooperating in prosecuting this

12  action.  Other possible sanctions for Plaintiff's failures do not

13  reasonably appear likely to assure future compliance.

14      Under these circumstances, dismissal for failure to prosecute is

15  proper.  Such a dismissal should not be entered unless a plaintiff has

16  been notified that dismissal is imminent.  See West Coast Theater

17  Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here,

18  Plaintiff was clearly warned in the court's October 16, 2009, order

19  that dismissal would result from his failure to comply with the

20  court's directions, but failed to fulfill his obligations or respond

21  in any way to the court.  Under these circumstances, dismissal is

22  warranted.

23

24

25

26

27

28

4

1

**ORDERS**

2        Accordingly, it is ordered that this action is dismissed without

3   prejudice for failure to prosecute and failure to comply with court

4   orders.  The Clerk of the Court shall serve this Order and the

5   Judgment herein on all parties or their counsel.

6

7   DATED: January 11, 2010

8

9                                    CARLA M. WOEHRLE
                                     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28